```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

ANDREW JACKSON SMITH,            :

    Petitioner,              :

v.                               :      CIVIL ACTION 08-0150-CG-M

WARDEN DEVILLE,                  :

    Respondent.              :


REPORT AND RECOMMENDATION

    This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent Warden Deville and against Petitioner Andrew Jackson Smith pursuant to 28 U.S.C. § 2244(d).

    Petitioner was convicted of manslaughter in the Circuit Court of Mobile County on February 6, 2003 for which he received a sentence of thirty years in the state penitentiary (Doc. 5).  On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 8, Exhibit 1E).  On July 8, 2005, the Alabama Supreme Court denied Smith's petition for writ of *certiorari* and

entered a certificate of final judgment (Doc. 8, Exhibit 1L).

Petitioner did not file a Rule 32 petition, though he did file other pleadings in the State Courts.  The first was a document filed with the Alabama Supreme Court, on June 30, 2007, entitled "Writ of Certiorari" (Doc. 8, Exhibit 2A; *see also* Exhibit 2B).  The Supreme Court denied it as untimely on July 18, 2007 (Doc. 8, Exhibit 2B).

Smith also filed a Writ of Mandamus with the Alabama Court of Criminal Appeals on July 12, 2007 (Doc. 8, Exhibit 3A); a second such pleading was filed, at the Court's direction, on July 21, 2008 (Doc. 8, Exhibits B, C).  On August 2, 2007, the Appellate Court dismissed the Writ for failure to comply with Ala.R.App.P. Rule 21(a) (Doc. 8, Exhibit 3D).

Respondent has also reported that Plaintiff served a pleading entitled "Motion for Automatic Reversal/Acquittal" on the State on November 6, 2007 (Doc. 8, pp. 6-7; *see also* Exhibit 4A).  Respondent asserts that, although the style indicates that the pleading was filed with the Alabama Supreme Court, it was apparently never filed (Doc. 8, pp. 6-7).

Petitioner filed a complaint with this Court on March 18, 2008 raising the following claims:  (1) "faulty/insufficient indictment or improper jury instructions;" (2) the jury was instructed that there was no "heat of passion;" (3) "fabricated evidence of 911 tape and DNA evidence;" (4) certain witnesses committed perjury against him and the victim; (5) his trial

counsel rendered ineffective assistance of counsel; (6) his conviction violated the Double Jeopardy clause of the constitution; (7) the Prosecutor engaged in misconduct by fabricating evidence; (8) the police failed to investigate the real murderer; (9) he is actually innocent of the conviction; and (10) he was denied the right to appeal (Doc. 8).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 8, pp. 8-13).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on July 8, 2005, the day on which the Alabama Supreme Court entered a certificate of final judgment (Doc. 8, Exhibit 1L).  However, because Smith had ninety days in which to seek direct review of his conviction in

the U.S. Supreme Court, those ninety days do not count against him–whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  Adding ninety days to July 8, 2005 means that the Statute of Limitations clock did not begin to run until October 7, 2005.  That means Smith had until October 10, 2006[1] to file his complaint with this Court.

Petitioner's habeas corpus petition was not filed in this Court until March 18, 2008, more than seventeen months after his limitations period had expired.  Petitioner did not file any other proper State Court actions, in a timely fashion, which would have tolled the limitations period.[2]  Petitioner's habeas corpus petition is time-barred by the statute of limitations.

Smith has asserted, however, that he actually innocent of the crime for which he was convicted (Doc. 5, p. 12; Doc. 11) and that his innocence should excuse him from the requirements of the Statute.

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324

---

[1] October 7, 2006 was a Saturday.  October 8 was a Sunday.  October 9 was Columbus Day; the Courthouse would have been closed on all three of those days.

[2] The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, since the next pleading Petitioner filed after his conviction became final was a Writ of Mandamus, which was filed in the Alabama Supreme Court on July 12, 2007, it was too late to toll the statute.  As such, this Court finds no reason to discuss whether that was a properly-filed pleading.

(1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence.  There is no offer of new evidence. The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Warden Deville and against Petitioner Andrew Jackson Smith pursuant to 28 U.S.C. § 2244(d).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the

fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 25th day of June, 2008.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE